Filed 1/18/22  Rodriguez v. City of Santa Ana CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CHRISTINE RODRIGUEZ, | |
| Plaintiff and Appellant, | G059850 |
| v. | (Super. Ct. No. 30-2019-01057328) |
| CITY OF SANTA ANA, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Robert J. Moss, Judge.  Affirmed.

Law Offices of Gene J. Goldsman, Gene J. Goldsman and Carson C. Newton for Plaintiff and Appellant.

Sandra M. Schwarzmann and Kyle C. Nellesen, Assistant City Attorneys, for Defendant and Respondent.

*        *        *

Plaintiff Christine Rodriguez sued the City of Santa Ana (City) for premises liability after she tripped on a sign stump protruding from the sidewalk. The City moved for summary judgment, asserting there was no admissible evidence that a City employee created the alleged dangerous condition or that the City had notice of the alleged dangerous condition. In her opposition to the motion, Rodriguez submitted the declaration of a traffic engineer, who opined, among other things, that a car probably struck the signpost at some point and the City likely cleaned up the scene but neglected to remove the stump. After finding the expert declaration inadmissible, the trial court granted summary judgment for the City.

Rodriguez appeals, contending the trial court erroneously struck her expert's declaration. We find no abuse of discretion in the court's ruling and therefore affirm the judgment.

**FACTS**

One afternoon in April 2018, while walking to a bus stop in Santa Ana, Rodriguez tripped over the remains of a metal signpost sticking out of the sidewalk. The protruding stump was roughly three to four inches high. Rodriguez suffered injuries as a result of her fall.

Google images suggest the street sign was removed or went missing sometime between June 2017 and January 2018. It is unclear how, why, or by whom the street sign was removed. Before Rodriguez's fall, the City had not received any complaints about the condition of the sidewalk, nor had it received any accident reports related to the location where Rodriguez fell.

Rodriguez filed a complaint against the City for negligence and premises liability. The City moved for summary judgment, asserting there was no evidence of a substantial risk of injury, no evidence a City employee created a dangerous condition, and no evidence the City had actual or constructive notice of a dangerous condition. (See

2

Govt. Code, § 835 [a public entity is liable for injury caused by its property's dangerous condition if an injury was proximately caused by the dangerous condition; the condition created a reasonably foreseeable risk of injury; and either (a) the entity's employee created the condition by negligent or wrongful conduct in the scope of their employment, or (b) the public entity had actual or constructive notice of the condition and sufficient time before the injury occurred to protect against it].)

Rodriguez opposed the motion, asserting triable issues of fact existed as to whether the City had notice of the dangerous condition. In support of her opposition, she submitted a declaration by Norman J. Suker, P.E., a licensed traffic and civil engineer, who opined based on his review of the Google Earth images, photographs of the stump, the City's moving papers, and Rodriguez's deposition that it was "very unlikely" that vandals stole the signpost; it was "much more likely that a car accident occurred that knocked the sign over"; it was "very unlikely that the driver would have driven off with the sign and the signpost"; and instead "[w]hat is likely is that the city cleaned up the scene but neglected to report that there was an incident." According to Suker, the City should have removed the sign stump or blocked off the area to prevent someone from tripping over it.[1]

---

[1] To quote Suker's declaration, he attested: "2. I have reviewed the following documents relating to [this matter]. I reviewed the Deposition of Christine Rodriguez, the Motion for Summary Judgment, [and] the Separate Statement of Facts. I reviewed the location as it presently exists on 'Google Earth' and reviewed the photographs attached to the Deposition of Christine Rodriguez. I observed the nature of the street sign in the photos attached to the deposition of Plaintiff. [¶] 3. The street sign was of the nature that it would topple over if a person were to hit it with their vehicle. Once the street sign was toppled, it would definitely be the responsibility for the City of Santa Ana to clean up the street sign. [¶] 4. It is during that clean up where [the] City of Santa Ana failed their duty to maintain a danger free environment. Any reasonable cleanup of a fallen sign would necessarily include observing any remaining stump of the fallen street sign. Further, since the stump was in a commonly used walkway for pedestrians, it was quite foreseeable that a person would encounter the sign stump and potentially trip over it. The street sign stump should have been removed or to have

The City objected to Suker's entire declaration on the basis that it lacked foundation (Evid. Code, § 403, subd. (a)), was not based on personal knowledge (*id.*, § 702, subd. (a)), and constituted an improper and unfounded expert opinion (*id.*, §§ 801, subd. (b), 802), among other grounds.

The trial court sustained the objections to Suker's declaration, finding he lacked personal knowledge, his opinions lacked foundation, and the declaration was an improper and unfounded expert opinion. The court then found the City met its initial burden of showing Rodriguez could not establish that a City employee had negligently or wrongly created the dangerous condition in the scope of his or her employment, or that the City had notice of the dangerous condition for a time sufficient for the City to have protected against it, as required to succeed on a premises liability claim under Government Code section 835. Finally, the court found Rodriguez did not meet her shifted burden of presenting admissible evidence sufficient to create a triable issue of material fact.

The trial court therefore granted the City's motion for summary judgment and entered judgment in the City's favor. Rodriguez filed a notice of appeal.

---

blocked off the area surrounding the fallen sign stump so as to prevent exactly what did happen. [¶] 5. While there is a possibility that vandals may have stolen the sign, that is very unlikely. Vandals would more likely have just stolen the sign itself, not the sign and the post as well. It's just not common for signposts to be stolen along with the sign. Further, from my review of the signage that is currently there, it is not a street sign that a vandal would want to steal. It was not a stop sign or a yield sign. I have never in my entire experience observed a situation where a vandal stole a sign of this nature, much less steal the post along with the sign. [¶] 6. Give then [sic] evidence presented it is much more likely that a car accident occurred that knocked the sign over. It would then be very unlikely that the driver would have driven off with the sign and the signpost. What is likely is that the city cleaned up the scene but neglected to report that there was an incident. As a result of the City's failure to remove the sign stump or alert pedestrians of the condition, the City of Santa Ana permitted an unreasonably dangerous condition to exist after they had notice of such condition."

**DISCUSSION**

The issue on appeal is the propriety of the trial court's ruling on the City's evidentiary objections. Rodriguez does not dispute that the City made the requisite initial showing in its summary judgment motion, thereby shifting the burden to her to present admissible evidence that a triable issue of material fact existed as to her claim. Aside from her evidentiary arguments, she offers no basis for disturbing the judgment. Her only contention is that the court erred in sustaining the City's objections to Suker's declaration.

We review evidentiary rulings made in connection with a summary judgment motion for abuse of discretion. (*Mitchell v. United National Ins. Co.* (2005) 127 Cal.App.4th 457, 467.) "'Discretion is abused whenever, in its exercise, the court exceeds the bounds of reason, all of the circumstances before it being considered'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566 (*Denham*)), or when the court's ruling "is 'so irrational or arbitrary that no reasonable person could agree with it'" (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773 (*Sargon*)). Unless a clear case of abuse is shown, we will not substitute our judgment for the trial court's opinion and thereby divest the trial court of its discretionary power. (*Denham*, at p. 566.)

"'Generally, a party opposing a motion for summary judgment may use declarations by an expert to raise a triable issue of fact on an element of the case provided the requirements for admissibility are established as if the expert were testifying at trial.'" (*Willhide-Michiulis v. Mammoth Mountain Ski Area, LLC* (2018) 25 Cal.App.5th 344, 354.) However, a plaintiff "'cannot manufacture a triable issue of fact through use of an expert opinion with self-serving conclusions devoid of any basis, explanation or reasoning.'" (*Andrews v. Foster Wheeler LLC* (2006) 138 Cal.App.4th 96, 108 (*Andrews*).) A plaintiff may not "use expert testimony as a conduit for speculative, remote or conjectural testimony or to create the facts upon which a conclusion is based."

5

(*Lupash v. City of Seal Beach* (1999) 75 Cal.App.4th 1428, 1438, fn. 6.) "[E]xpert opinion resting solely on speculation and surmise is inadequate to survive summary judgment." (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 775.)

To be admissible, an expert's opinion testimony must be "(a) [r]elated to a subject that is sufficiently beyond common experience that the opinion of an expert would assist the trier of fact," and "(b) [b]ased on matter . . . that is of a type that reasonably may be relied upon by an expert in forming an opinion upon the subject to which his testimony relates." (Evid. Code, § 801; see also *id.*, § 802.) In other words, "'the matter relied on must provide a reasonable basis for the particular opinion offered.'" (*Sargon, supra,* 55 Cal.4th at p. 770.)

An "'expert's opinion may not be based "on assumptions of fact without evidentiary support [citation], or on speculative or conjectural factors."'" (*Sargon, supra,* 55 Cal.4th at p. 770.) "'An expert opinion has no value if its basis is unsound'" (*ibid.*), or if it is "'rendered without a reasoned explanation of why the underlying facts lead to the ultimate conclusion has no evidentiary value'" (*Andrews, supra*, 138 Cal.App.4th at p. 108). Thus, "'an expert opinion based on speculation or conjecture is inadmissible.'" (*Sargon*, p. 770.) The "'[e]xclusion of expert opinions that rest on guess, surmise or conjecture [citation] is an inherent corollary to the foundational predicate for admission of the expert testimony: will the testimony assist the trier of fact to evaluate the issues it must decide?'" (*Ibid.*)

Applying those well-established principles here, we conclude the trial court properly exercised its discretion in sustaining the City's objections to the Suker declaration. As noted, Suker opined it was "unlikely" vandals stole the signpost, it was "much more likely" that a car knocked the sign over, it was "very unlikely that the driver would have driven off with the sign and the signpost," and instead it was "likely that the city cleaned up the scene but neglected to report that there was an incident" or remove the post. As Rodriguez's counsel ultimately agreed during oral argument, Suker's thoughts

6

about what possibly happened to the sign constitute unfounded speculation and conjecture.  Suker failed to explain what led him to opine that the City cleaned up the signpost after a car knocked it over.

When an expert opinion is rendered without a reasoned explanation of why the underlying facts lead to the ultimate conclusion, or when it is based only on speculation or conjecture, such as was the case here, the opinion has no evidentiary value and should be excluded.  (See *Sargon*, *supra,* 55 Cal.4th at p. 770; *Andrews, supra*, 138 Cal.App.4th at p. 108.)  Applying the deferential abuse of discretion standard here, we find no error in the trial court's decision to exclude Suker's declaration.

## DISPOSITION

The judgment is affirmed.  The City shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)


GOETHALS, J.

WE CONCUR:


FYBEL, ACTING P. J.


MARKS, J.*


\* Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7